IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEPHEN L. HUTCHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-982 (RDA/TCB) |
| | ) |
| AMY E. MCDOUGAL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Amy E. McDougal's ("Defendant") Motion for Attorney's Fees and Costs ("Motion"). Dkt. 14. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motion for Attorney's Fees and Costs is now fully briefed and ripe for disposition. Considering the Motion (Dkt. 14) the Memorandum in Support of Defendant's Motion for Attorney's Fees and Costs (Dkt. 15), and Plaintiff's Response to Defendant's Motion (Dkt. 17), the Motion is DENIED for the reasons that follow.[1]

### I. BACKGROUND

Plaintiff Stephen L. Hutchens ("Plaintiff") originally brought this defamation case in the Circuit Court for Loudoun County, Virginia. Defendant removed the action to this Court on August 24, 2021. Dkt. 1. Plaintiff alleged that Defendant, his ex-wife, made defamatory statements to a federal investigator conducting Plaintiff's background investigation for his

---

[1] The Court has also considered Defendant's Reply to Plaintiff's Response to Defendant's original motion (Dkt. 18), two Declarations by Defendant (Dkt. Nos. 19; 21), and two filings of supplemental material in support of Defendant's original motion (Dkt. Nos. 22; 23).

employment with the federal government. *Id.* In her statements to the investigator, Defendant claimed Plaintiff was not in compliance with the divorce decree issued by the Circuit Court for Loudoun County, among other statements. *Id.*

On October 26, 2021, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41. The following day, and in response to that notice, this Court dismissed the case without prejudice. Dkt. Nos. 12; 13. Although Defendant filed a demurrer in state court, Defendant did not file a Motion to Dismiss in this Court before Plaintiff moved to voluntarily dismiss the case.

Fourteen days after this Court's dismissal order, on November 10, 2021, Defendant filed her Motion in this Court. Dkt. 14. She also filed a Memorandum in Support of the Motion, requesting the award of fees pursuant to the Virginia "anti-SLAPP" statute, Va. Code Ann. § 8.01-223.2(B). Dkt. 15. Plaintiff then filed his Response to Defendant's Motion. Dkt. 17. Defendant filed her Reply to Plaintiff's Response, Dkt. 18, as well as three Declarations by Defendant and two supplemental filings by Defendant. Dkt. Nos. 19; 21; 22; 23.

The Declarations document the legal fees Defendant accumulated as of December 23, 2021, March 15, 2022, and June 24, 2022. Dkt. Nos. 19; 21; 23. In the first Notice of Supplementation, Defendant provides an order and transcript of a ruling from Judge Irby of the Circuit Court for Loudoun County finding Plaintiff in contempt of court for violating the Marital Settlement Agreement between the parties. Dkt. 22. Defendant offers this in support of her arguments for attorney's fees. In the second Notice of Supplementation, Defendant reiterates the arguments made in her original motion, provides the third Declaration documenting attorney's fees, and provides an affidavit, declaration, and invoices from Defendant's counsel affirming the total costs of this litigation. Dkt. 23.

## II. STANDARD OF REVIEW

The Fourth Circuit has held that the decision to award attorney's fees to a defendant under Virginia's anti-SLAPP (Strategic lawsuit Against Public Participation) statute is discretionary. *See Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021); *Agbapuruonwu v. NBC Subsidiary (WRC-TV), LLC*, 821 F. App'x 234, 242 (4th Cir. 2020). The use of the word "may" in the statute indicates the award is permissive and not compulsory, meaning a defendant is not entitled to the award from the court. *Fairfax*, 2 F.4th at 296.

## III. ANALYSIS

Defendant argues that this Court must grant her Motion and award attorney's fees and costs under Va. Code Ann. § 8.01-223.2, also known as the Virginia Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") law. Defendant argues that Plaintiff brought his defamation claim for the improper purposes of intimidation, harassment, and retaliation and that Defendant is protected from such a claim under the Virginia anti-SLAPP law. Dkt. 15 at 4. Defendant further argues that the statute only requires a case to be dismissed, and it does not matter whether it was voluntary or involuntary. *Id.* at 3. Finally, Defendant asserts that the Motion was properly filed within fourteen days of the close of the case in accordance with Federal Rule of Civil Procedure 54(d). Dkt. 18 at 2.

In response, Plaintiff argues that because the case was not dismissed pursuant to the immunity provided by the section in the anti-SLAPP statute, attorney's fees could not be awarded. Dkt. 17 at 2. In addition, Plaintiff argues that Defendant could not file the motion after the case was closed and contends that Defendant's statements were "knowingly false," in contradiction of the requirements under Va. Code Ann. § 8.01-223.2(A). *Id.* at 3. Accordingly, Plaintiff requests that Defendant's Motion be denied, in addition to an award for attorney's fees and costs for his

3

own expenses. Dkt. 17 at 3. Plaintiff offers no support for this request for attorney's fees and the Court finds no additional legal or factual basis to grant the request. Plaintiff's request for attorney's fees and costs is denied.

This case requires the Court to determine whether attorney's fees are authorized by Virginia's anti-SLAPP statute for a defendant when a plaintiff voluntarily dismisses a case before ever receiving a ruling on the merits of the claim. This is a question of first impression before this Court. Generally, the purpose of the anti-SLAPP statute is to deter harassing lawsuits aimed at individuals exercising their First Amendment right to freedom of speech, particularly on matters of public concern. *See Fairfax*, 2 F.4th at 296. The statute allows the possibility of a defendant's recovery for the costs of a lawsuit that was likely intended to harass or financially punish. *See id.* Understanding the purpose of the statute, the Court now turns to the statutory language regarding the dismissal of a suit. The statute provides, "any person who has a suit against him dismissed or a witness subpoena or subpoena duces tecum quashed pursuant to the immunity provided by this section may be awarded reasonable attorney fees and costs." Va. Code Ann. § 8.01-223.2(B).

The Fourth Circuit has previously held that attorney's fees may be granted upon the dismissal of the case, *provided the dismissal is pursuant to* the immunity granted in Section (A) of the statute.[2] *Fairfax*, 2 F.4th at 297; *see Agbapuruonwu*, 821 F. App'x at 242. "[P]ursuant to the immunity" applies to both "a suit against him dismissed" and a "subpoena . . . quashed." *See*

---

[2] Section (A) of the Virginia anti-SLAPP statute states, "[a] person shall be immune from civil liability for… a claim of defamation based solely on statements (i) regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party or (ii) made at a public hearing before the governing body of any locality or other political subdivision, or the boards, commissions, agencies and authorities thereof, and other governing bodies of any local governmental entity concerning matters properly before such body. The immunity provided by this section shall not apply to any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false". Va. Code Ann. § 8.01-223.2(A).

*Fairfax*, 2 F.4th at 297; *Agbapuruonwu*, 821 F. App'x at 242. In addition, the court in *Fairfax* found that the anti-SLAPP statute would apply at any point during the lifespan of a case—whether that occurred at the pleading stage, after trial, or at any point in between, provided the dismissal be pursuant to the immunity provided in the statute. 2 F.4th at 297.

Other courts agree, requiring that the dismissal of the case be pursuant to the immunity provided in the statute. *See, e.g.*, *Gilmore v. Jones*, 370 F. Supp. 3d 630, 682 (W.D. Va. 2019); *Depp v. Heard*, No. CL-2019-2911, 2021 WL 6550462, at *2 (Va. Cir. Ct. Jan. 4, 2021) (finding that if the plaintiff were to nonsuit then the defendant would be unable to recover from her counterclaim of anti-SLAPP immunity); *Will Nesbitt Realty, LLC v. Jones*, No. CL-2016-14234, 2018 Va. Cir. 2018 WL 2035956, at *15 (Va. Cir. Ct. Apr. 30, 2018).

This Court looks to the plain meaning of the language used in the statute to determine how Va. Code Ann. § 8.01-223.2(B) should be interpreted, as instructed by the Supreme Court of Virginia. *See Fairfax*, 2 F.4th at 296 (quoting *Cummings v. Fulgham*, 261 Va. 73, 540 S.E.2d 494, 496 (2001)). The sentence, "any person who has a suit against him dismissed or a witness subpoena . . . quashed pursuant to the immunity provided by this section may be awarded . . ." is best read using the series-qualifier rule. Va. Code Ann. § 8.01-223.2(B). This canon of construction teaches that a modifier at the end of a list of verbs or nouns of parallel, straightforward construction should be read to apply to the entire list. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147-48 (2012). The "pursuant to the immunity" modifier does not only apply to quashed subpoenas, as the modifier follows a "concise and integrated clause," which allows "pursuant to the immunity" to modify the entire preceding clause. *Kadel v. N.C. State Health Plan for Tchrs. and State Emps.*, 12 F.4th 422, 443 (4th Cir. 2021)

5

(Diaz, J., concurring).  Thus, to seek attorney's fees under Virginia's anti-SLAPP statute, the dismissal of the case must be pursuant to the immunity the statute confers.

This Court follows the Fourth Circuit and other courts in interpreting the Virginia anti-SLAPP statute to require that a case be dismissed pursuant to anti-SLAPP immunity before deciding whether to award attorney's fees.  Plaintiff voluntarily dismissed the case before this Court pursuant to Federal Rule of Civil Procedure 41.  Though *Fairfax* did not involve a voluntary dismissal, the Fourth Circuit left little doubt that deciding an award of attorney's fees may be raised upon dismissal at any point during the lifespan of a case.  2 F.4th at 297.  However, Plaintiff's voluntary dismissal did not provide Defendant's anti-SLAPP immunity as the reason for dismissal.  Nor was there any decision by this Court on the merits of the case, much less a dismissal on the merits.  As such, there is no need to conduct further findings of fact as to whether immunity would apply or to Defendant's mental state when making the allegedly defamatory statements.

This novel question before the Court remains similarly unresolved by Virginia courts.  Plaintiff's voluntary dismissal is akin to a nonsuit under Virginia state law, a procedural device the court in the now-infamous *Depp* case briefly discussed.  2021 WL 6550462, at *2.  The circuit court in *Depp* posed a hypothetical where a defendant would be unable to recover attorney's fees under the anti-SLAPP statute if the plaintiff were to nonsuit because the *defendant* would not have had the suit dismissed.  *Id.*  The court interpreted the language "[a]ny person who has a suit against him dismissed" to mean the defendant.  *See id.*  The suit is not *against* the plaintiff, therefore only a defendant would be able to recover upon a successful motion to dismiss pursuant to anti-SLAPP immunity.  In *Depp*, the defendant also filed a counterclaim asserting anti-SLAPP immunity, which the court held was not a viable method for obtaining attorney's fees under the statute.  *Id.*  As mentioned in the state court's hypothetical, Defendant in the instant case did not have the suit

dismissed; instead, Plaintiff was the party to voluntarily dismiss the case. For attorney's fees to be recovered, the statute requires a suit to be dismissed because of the defendant's immunity. *See Fairfax*, 2 F.4th at 297 (requiring that dismissal be pursuant to the immunity granted in the statute for a defendant to recover attorney's fees and costs). That requirement is not met when the case ends with a voluntary dismissal or nonsuit.

Additionally, as the Court has not considered full briefing on the merits of the anti-SLAPP immunity question, the Court does not reach the merits of the arguments from both parties on the truthfulness of Defendant's statements. This Court will not award attorney's fees and costs to Defendant because the claim was voluntarily dismissed by Plaintiff and not pursuant to anti-SLAPP immunity. And as no final judgment was entered in this case, Defendant's argument that the Motion was properly filed pursuant to Rule 54(d) is not relevant and thus does not change the analysis above.

## IV. CONCLUSION

For these reasons, Defendant's Motion for Attorney's Fees and Costs (Dkt. 14) is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 5, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge